Citation Nr: 1508833 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 11-06 359 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta Educational Center 


THE ISSUE

Whether the Appellant is eligible for Dependents' Education Assistance (DEA) benefits under 38 U.S.C. Chapter 35. 


WITNESSES AT HEARING ON APPEAL

Appellant, R.E. 


ATTORNEY FOR THE BOARD

K. Anderson, Associate Counsel 



INTRODUCTION

The Veteran had active military service from September 1990 to February 1994. The Appellant is the Veteran's son. The Veteran died in September 2000. 

This matter comes before the Board of Veterans' Appeals (Board) from a May 2010 decision of the Department of Veterans Affairs (VA) Education Center in Atlanta, Georgia. 

This claim was previously before the Board in April 2011, at which time the claim was remanded to allow the Agency of Original Jurisdiction (AOJ) to further assist the Appellant in the development of his claim, to include a Board hearing. The requested development has been completed by the RO and with no further action necessary to comply with the Board's remand directives; the case is once again before the Board for appellate consideration of the issue on appeal. Stegall v. West, 11 Vet. App. 268 (1998). 

In October 2011, the Appellant testified during a travel board hearing was held before a Veteran's Law Judge (VLJ). A transcript of the hearing is included in the claims file. 

In September 2013, the claim was once again before the Board and the Board remanded the claim for further development, to include obtaining documents and verifying the Veteran's service connection and disability rating at the time of his death. Further, the Board requested that the RO readjudicate the claim. The RO did not fully comply with the remand instructions, but as the Board grants in full the benefit sought on appeal there is no prejudice to the Appellant. Bernard v. Brown, 4 Vet. App. 384, 394 (1993). 

While 38 C.F.R. § 20.707 provides that the VLJ who conducts the Board hearing must participate in making the final determination of the appeal, the VLJ who conducted the October 2011 Board hearing has retired. The Veteran was so advised in a December 2014 letter and notified of his hearing options. He stated that he did not want another hearing and wanted his case to be considered based on the evidence of record.


FINDINGS OF FACT

1. The Veteran was awarded a 100 percent disability rating for his service-connected head injury with seizure disorder effective March 26, 1998 in a July 1998 rating decision from the RO in Columbia, South Carolina. 

2. The Appellant meets the criteria for basic eligibility for Dependents' Educational Assistance (DEA) benefits as the Veteran had a permanent and total service-connected disability from March 1998 to the time of his death in September 2000. 


CONCLUSION OF LAW

Basic eligibility to Dependents' Educational Assistance under 38 U.S.C.A. Chapter 35 is established. 38 U.S.C.A. §§ 3500, 3501 (West 2014); 38 C.F.R. §§ 3.340, 3.807; 21.3020, 21.3021 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Eligibility to DEA benefits means (1) a child of a: (i) a Veteran who died of a service-connected disability. (ii) Veteran who died while having a disability evaluated as total and permanent in nature resulting from a service-connected disability. (iii) Veteran, serviceman or servicewoman who has a total disability permanent in nature resulting from a service connected disability. (iv) Person who is on active duty as a member of the Armed Forces and who now is, and, for a period of more than 90 days, has been, listed by the Secretary concerned as missing in action, captured in the line of duty by a hostile force, or forcibly detained or interned in the line of duty by a foreign government or power. See 38 C.F.R. § 21.3021 (2014). 

In this matter, the Veteran's service connected head injury with seizure disorder and headaches was increased from 60 percent disabling to 100 percent disabling in a July 1998 rating decision, with an effective date of March 26, 1998. There was nothing in the rating decision suggesting the condition would improve or was not permanent. The Veteran died in September 2000 and the time of his death, he was service connected as 100 percent disabling. As such, there is sufficient evidence that the Appellant meets the basic eligibility requirements for Chapter 35 DEA benefits. The pertinent criteria having been met, Chapter 35 DEA benefits are warranted. 

Since the entire benefit sought on appeal has been granted, no purpose would be served by undertaking an analysis of whether there has been compliance with the notice and duty to assist requirements set out in the Veterans Claims Assistance Act (VCAA) of 2000 (codified at 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2002)). See, e.g., Bernard v. Brown, 4 Vet. App. 384 (1993); VAOPGCPREC 16-92, 57 Fed. Reg. 49,747 (1992).









ORDER

Basic eligibility to DEA benefits under the provisions of Chapter 35, Title 38, United States Code is granted.



____________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs